**FILED**
**Aug 01, 2025**
**03:29 PM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT KNOXVILLE

| | | |
|---|---|---|
| **JERRY R. BURKES,** | ) | **Docket No. 2023-03-8195** |
| **Employee,** | ) | |
| **v.** | ) | |
| **SYSCO CORPORATION,** | ) | **State File No. 7260-2023** |
| **Employer,** | ) | |
| **And** | ) | |
| **ZURICH AMERICAN INSURANCE** | ) | **Judge Lisa A. Lowe** |
| **COMPANY,** | ) | |
| **Carrier.** | ) | |

## COMPENSATION ORDER

Jerry Burkes sustained a work-related left-knee injury. He previously settled his original award and now seeks additional permanent disability benefits. For the reasons below, the Court holds that Mr. Burkes is entitled to increased benefits.

### History of Claim

On January 26, 2023, Mr. Burkes slipped and fell, injuring his left knee. Dr. Michael McCollum diagnosed partial medial and lateral meniscus tears and grade 3 osteoarthritis. Mr. Burkes underwent surgery and suffered from deep vein thrombosis afterward. Dr. McCollum gave him a 10% impairment rating.

Other than a short period where Dr. McCollum took Mr. Burkes off work completely, he assigned light-duty restrictions from February through August 2023. At the last visit on August 3, Dr. McCollum placed Mr. Burkes at maximum medical improvement but noted, "I am going to keep him at light duty for the time being." He returned to work without restrictions on August 24. Mr. Burkes resigned his position sometime that August, but he was unsure whether it was during the light-duty or full-duty timeframe. Dr. McCollum's records mention Mr. Burkes's concerns about his ability to perform his job duties several times.

1

The Court approved the initial award settlement on February 29, 2024. The agreement established that Mr. Burkes suffered a compensable left-knee injury; his initial award was $30,316.72; his initial compensation period would expire on July 4, 2024; and Sysco will pay for reasonable, necessary, and related treatment.

After the expiration of Mr. Burkes's initial compensation period, he filed a petition for benefit determination seeking additional permanent disability benefits.

At the hearing, Mr. Burkes testified that he knew that he could not perform his regular duties due to the physical nature of his job. Because of that, he felt he had to resign from his employment with Sysco. He ended up moving to North Carolina to be with family and ultimately secured a job with Coastal Enterprises, earning less than pre-injury. Sysco authorized treatment with Dr. Bradley in North Carolina, and he performed a second surgery. Mr. Burkes is currently unemployed.

Mr. Burkes said that he asked Dr. McCollum to complete a physician's certification form to state that he was unable to return to his pre-injury employment, but Dr. McCollum did not respond.

Mr. Burkes testified that he was in pain for two and a half years because Dr. McCollum did not fix his knee and he had to have a second surgery. He explained how the injury has affected his activities and relationships with his wife and two sons. They testified as well about the changes in Mr. Burkes after the injury. He also said that he suffered from a hiatal hernia that he relates to the medication Dr. McCollum prescribed. Mr. Burkes asked the Court to award him extraordinary relief of 275 weeks of benefits.

Sysco argued that the only issue before the Court is Mr. Burkes's entitlement to increased benefits. It asserted that Mr. Burkes voluntarily resigned his position, so he is not entitled to increased benefits. Sysco also pointed out that on his Coastal Enterprise application, he answered "no" that he had ever had a knee injury, "no" that he required accommodations, and wrote that he could comfortably lift 40 pounds.[1] Further, it pointed out that Mr. Burkes is not eligible for extraordinary relief because he did not file a physician's certification form, and he is not entitled to hernia benefits because it was not part of the underlying settlement.

### Findings of Fact and Conclusions of Law

Mr. Burkes has the burden of proof on all essential elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). He must prove by a preponderance of the evidence that he is entitled to the requested benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2024).

---

[1] Mr. Burkes explained that he answered those questions that way because he had to get a job to support his family.

2

### *Increased Benefits*

Tennessee Code Annotated section 50-6-207(3)(B) states that if, at the end of the initial period of compensation, the employee has not returned to work for any employer at an equal or greater rate of pay as before the injury, then the employee qualifies for a resulting award equal to 1.35 times the original award. A trial court can further increase the resulting award if, among other considerations, the employee is over age 40 when the initial period of compensation ended.

However, the statute also states that "under no circumstances shall an employee be entitled to additional benefits" when the "loss of employment is due to the employee's voluntary resignation," provided that the resignation "does not result from the work-related disability." § 50-6-207(3)(D)(i).

Examining the circumstances of his resignation, the Court finds that it was a result of his work injury. On August 3, 2023, Dr. McCollum "kept [Mr. Burkes] on light duty for the time being." Mr. Burkes knew that meant Dr. McCollum would ultimately return him to full-duty work in the future. Without seeing him again, Dr. McCollum released him to full-duty work on August 24, 2023. Mr. Burkes credibly testified about the pain and condition of his knee and his inability to return to full duty. The medical records reflect this was Mr. Burkes's concern throughout treatment. Further, Mr. Burkes ultimately required a second surgery, since the first surgery did not alleviate his symptoms.

Therefore, Mr. Burkes is entitled to $18,796.33 in increased benefits for his inability to return to work at the same or better pay and being over age 40.

### *Extraordinary Benefits*

If an employee qualifies for increased benefits, but the trial court finds the employee's case to be "extraordinary" under section 50-6-242(a)(2) and concludes that limiting the injured worker to the increased benefits would be inequitable considering the totality of the circumstances, the trial court can award benefits not to exceed 275 weeks. However additional requirements exist for eligibility, including that the employee's impairment rating is 10% or higher, and the authorized treating physician certifies on a form provided by the Bureau that the employee "no longer has the ability to perform the employee's pre-injury occupation" due to "permanent restrictions on activity" caused by the work accident. *Id.*

Here, Mr. Burkes does not qualify for extraordinary benefits. Although Dr. McCollum assigned him a 10% permanent impairment rating and he is not employed, Dr. McCollum did not complete a physician certification form. Therefore, Mr. Burkes has not met the statutory requirements for extraordinary benefits and is not entitled to an award over increased benefits.

*Post-hearing motion*

After the compensation hearing, Mr. Burkes moved to supplement the record and submit post-hearing argument, and Sysco moved to strike.

Specifically, Mr. Burkes asked the Court to consider additional information about his hernia, indemnity benefits, sale of his home at a loss, and AMA Guides for gait derangement, among other information. Sysco moved to strike the motion because post-hearing briefs are only permitted with the judge's advance approval. Tenn. Comp. R. & Regs. 0800-02-21-.20(2) (2023).

As the Court previously explained, since Mr. Burkes settled his original award, it is limited to address only whether he is entitled to additional permanent disability benefits for his work-related left-knee injury. The information Mr. Burkes sought to supplement involves issues outside additional permanent disability benefits. Thus, the Court denies Mr. Burkes's motion to supplement the record and grants Sysco's motion to strike.

**IT IS, THEREFORE, ORDERED** as follows:

1. Sysco Corporation shall continue to provide reasonable, necessary and related medical care for Mr. Burkes's work-related left-knee injury under Tennessee Code Annotated section 50-6-204.

2. Sysco shall pay Mr. Burkes increased benefits of $18,796.36 for failure to return to pre-injury wages and being over 40 years old.

3. Sysco Corporation shall pay the $150.00 filing fee within five business days of entry of this order, for which execution may issue.

4. Sysco Corporation shall file a Statistical Data Form (SD-2) within 10 business days of this order becoming final.

5. Unless appealed, this Order shall become final 30 calendar days after entry.

**ENTERED August 1, 2025.**

_Lisa A. Lowe_____
**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims**

**APPENDIX**

4

Exhibits:

1. Emails between Mr. Burkes and Attorney Drobney
2. Mr. Burkes's 2023-2025 calendar entries
3. Free Tax USA
4. Coastal Enterprises statement of days worked and earnings
5. February 29, 2024 settlement documents
6. Mr. Burkes's 2024 W-2
7. North Carolina workers' compensation claim documents
8. AMA Guides
9. Email from Dr. Bradley
10. Medial records from Carolina East Physicians
11. Medical records from Coastal Radiology Associates
12. Medical records from EmergeOrtho
13. Medical records from JCMC Swansboro Children's and Family Care
14. Medical records from Johnston Pain Management
15. Medical records from North Carolina Diagnostic Imaging
16. Medical records from Novant Health
17. Medical records from Onslow Memorial Hospital
18. Medical records from Ortho Tennessee
19. Medical records from University of Tennessee Medical Center
20. Medical records from WH Occupational Medical Center
21. Medical expenses from Carolina East Physicians
22. Medical expenses from Delaney Radiologists
23. Medical expenses from Eastern Carolina Emergency Physicians
24. Medical expenses from EmergeOrtho
25. Medical expenses from Novant Health
26. Medical expenses from Onslow Memorial Hospital
27. TCAT certificates and photo
28. Medical questionnaire of Coastal Enterprises

## CERTIFICATE OF SERVICE

I certify that a copy of the order was sent as shown on August 1, 2025.

| Name | Mail | Email | Service sent to: |
|---|---|---|---|
| Jerry Burkes, Employee | X | X | 212 Volaris Lane<br>Hubert, NC 28539<br>burkes.jerry5@gmail.com |
| David Drobny Employer's Attorney | | X | ddrobny@manierherod.com |

*Penny Shrum*

**PENNY SHRUM, COURT CLERK**
**WC.CourtClerk@tn.gov**

6



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

**Employee**

v.

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

## Parties

**Appellant(s)** (Requesting Party): _____  ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____   2. Address: _____

3. Telephone Number: _____   4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

LB-1108 (REV 11/15)                                                              RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

Groceries           $ _____ per month     Telephone      $ _____ per month

Electricity         $ _____ per month     School Supplies $ _____ per month

Water               $ _____ per month     Clothing       $ _____ per month

Gas                 $ _____ per month     Child Care     $ _____ per month

Transportation  $ _____ per month     Child Support  $ _____ per month

Car                 $_____ per month

Other               $ _____ per month (describe: _____ )

10. Assets:

Automobile          $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House               $ _____     (FMV) _____

Other               $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____